IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | | |
|---|---|---|
| ROGELIO L. GANOTISI, | ) | CIV. NO. 05-00698 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DISMISS |
| | ) | PETITION AND DENY MOTION |
| ROBERT PARKER, et al., | ) | FOR COMMENCEMENT OF |
| | ) | FEDERAL INVESTIGATION |
| Respondents. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION
AND DENY MOTION FOR
<u>COMMENCEMENT OF FEDERAL INVESTIGATION</u>**

On December 6, 2005, *pro se* Petitioner Rogelio L. Ganotisi filed an

amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Amended

Petition").  The Amended Petition has been referred to this court pursuant to Local

Rule LR72.5 and 28 U.S.C. § 636(a).  Respondent submitted a preliminary answer

to the petition ("Answer") and Ganotisi filed a Reply.  After consideration of the

Answer and Reply, this Court ordered the parties to submit supplemental briefing.

Both parties have now filed their supplemental briefs.  After careful consideration

of the full record now before the court, this Court FINDS AND RECOMMENDS

that the Amended Petition be DISMISSED with prejudice as time-barred and that

Ganotisi's Motion for Court Commencement of Federal Criminal Investigation be

DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

On February 9, 1993, a jury of the Circuit Court of the Fifth Circuit, State of Hawai`i ("circuit court") found Ganotisi guilty of three counts of Sexual Assault in the First Degree, in violation of Hawai`i Revised Statute § 707-730(1)(a) ("Haw. Rev. Stat.") (Counts I, III, V); two counts of Kidnapping, in violation of Haw. Rev. Stat. § 707-720(1)(d) (Counts II, IV); two counts of Terroristic Threatening in the First Degree, in violation of Haw. Rev. Stat. § 707-715 (Counts VI, VII); and one count of Abuse of Family and Household Members, in violation of Haw. Rev. Stat. § 709-906 (Count VIII).  (Ans. Ex. A.)

On March 18, 1993, the circuit court sentenced Ganotisi to twenty years incarceration for Counts I, III, and V, ten years incarceration for Counts II, IV, VI, and VII, and 48 hours for Count VIII, all terms to run concurrently.  (*Id.*)  Ganotisi appealed his Judgment of Conviction, arguing only that the written transcripts of the trial were so deficient as to deny him a right to a meaningful appeal.  *See State v. Ganotisi*, 902 P.2d 977 (Haw. App. 1995).  On August 31, 1995, the Hawai`i Intermediate Court of Appeals ("ICA") affirmed Ganotisi's conviction in a published decision.  *See id.*  On September 18, 1995, the ICA filed its Notice and Judgment on Appeal.  Ganotisi did not seek discretionary review of this decision

2

with the Hawai`i Supreme Court.

Approximately 8 years later, on June 23, 2003, Ganotisi filed a petition for post-conviction relief pursuant to Rule 40 of the Hawai`i Rules of Penal Procedure ("Haw. R. Pen. P."), designated as SPP 03-1-0004.  (Ans. Ex. D).  Ganotisi argued that his conviction and custody were illegal because: (1) the victim lied and exaggerated her testimony; (2) his conviction was obtained by his coerced confession; (3) the prosecution unconstitutionally failed to disclose exculpatory evidence to the defense because it did not "come up with DNA of any of said evidence" at trial; (4) he was not present at jury selection; and (5) "the evidence that was to convict [him] was never seen in court or anywhere else."  (*Id.*)

On December 12, 2003, the circuit court denied Ganotisi's Rule 40 petition, finding that Ganotisi had waived the issues presented in the petition when he failed to raise them on sentencing or appeal.  (Ans. Ex. E.)  The circuit court further found that, assuming *arguendo* Ganotisi had not waived the issues presented, Ganotisi's petition was patently frivolous, in that (1) he did not "plead guilty," but was convicted by jury trial after pleading not guilty; (2) the victim's credibility was determined and tested by the jury and his bare assertion that she lied did not entitle him to relief; (3) he failed to show that he was convicted on his confession, coerced or otherwise; (4) the prosecution had no obligation to present

3

DNA evidence at trial, and Ganotisi failed to show that DNA evidence was, in fact, withheld; (5) the video transcript shows that Ganotisi was present during jury selection; and (6) despite his claim that he was convicted on evidence not seen at court or anywhere else, the record was clear that Ganotisi was convicted based solely on the evidence presented at trial.  (Ans. Ex. E at 5.)  Ganotisi did not appeal the circuit court's decision.

Eight months later, on August 10, 2004, Ganotisi filed a second Rule 40 petition.  (Ans. Ex. F.)  In this petition, Ganotisi asserted that: (1) he was innocent; (2) exculpatory evidence was withheld at trial, without specifying the basis for this claim; (3) he was entitled to receive certified copies of all the evidence that may exonerate him; (4) his counsel was ineffective for failing to move for a judgment of acquittal; and (5) his custody is illegal.  (*Id.* 2-6.)  On December 9, 2004, the circuit court denied the petition, concluding that Ganotisi had waived all of his claims by failing to raise them at trial, on sentencing, or on appeal.  (Ans. Ex. G. at 3.)   The circuit court further found that, had the issues not been waived, Ganotisi was still not entitled to relief.  (*Id.* at 4.)   Ganotisi appealed the circuit court's decision five months later, on May 9, 2005, and on August 31, 2005, the Hawai`i Supreme Court dismissed the appeal as untimely.  (Ans. Ex. I.)

Approximately two months later, on November 2, 2005, Ganotisi commenced this action.  On December 6, 2005, after direction by the court, Ganotisi filed an Amended Petition.  Ganotisi  raises four grounds for relief: (1) Denial of Right to a Constitutionally Fair Appeal (Ground 1); (2) Introduction of Inconsistent Prejudicial Evidence (Ground 2); (3) Unconstitutional exclusion of proper exculpatory evidence (Ground 3); (4) Actual innocence/fundamental miscarriage of justice (Ground 4).

Ganotisi claims that he was denied his constitutional right to a fair appeal when his trial transcripts were found to contain 368 notations by the court reporter of "no audible response," "indiscernible words," or "indiscernable whisperings or conversation," rendering his appeal futile.  (Amd. Pet. ¶ 14, Ground 1.); *see also Ganotisi*, 902 P.2d at 977.  Next, Ganotisi claims that the circuit court's admission of the victim's journal violated the fifth, sixth, and fourteenth amendments to the United States Constitution.  (Amd. Pet. ¶ 14, Ground 2); *see Ganotisi*, 902 P.2d at 979.  Ganotisi also claims that the circuit court's exclusion of a defense witness's testimony violated the fifth, sixth, and fourteenth amendments to the United States Constitution.  (Amd. Pet. ¶ 13, Ground 3); *see also Ganotisi*, 902 P.2d at 980-81.  Ganotisi raised all of these arguments on direct appeal to the ICA, as part of his claim that he was denied a meaningful appeal, which denied his claim and

5

affirmed his conviction.  *See Ganotisi*, 902 P.2d 977.

Finally, Ganotisi claims that he is actually innocent of the claims against him and that he is, therefore, exempted from exhausting his claims.  (Amd. Pet. ¶ 13, Ground 4.)  In support of this claim, Ganotisi states that he "learned the State *may* have collected DNA samples from the alleged victim, but failed to disclose this fact to the defense prior to trial to preclude a scientific challenge to the claims. Had Petitioner been permitted a DNA challenge, his actual innocence would have been clearly established."  (*Id.*) (emphasis added).  Ganotisi unsuccessfully raised this claim in his two Rule 40 post-conviction petitions.

On December 22, 2005, this Court entered an Order to Show Cause, directing Respondents to file a preliminary answer to the Amended Petition. Noting that it appeared from the face of the Amended Petition that Ganotisi's claims were both time-barred and unexhausted, Respondents were directed to specifically address these issues.  Ganotisi was notified that the Court was considering dismissing his Amended Petition as time-barred and informed that he may file a Reply to Respondents' Preliminary Answer, setting forth facts which would prevent the statute of limitation from running against him.  Ganotisi was told that it is his burden to demonstrate that he is entitled to tolling of the statute.

Respondents filed their Preliminary Answer on February 9, 2006, and

Ganotisi filed his Reply on February 27, 2006.  In his Reply, Ganotisi again argued that there is exculpatory DNA evidence that was never revealed by the prosecution to the defense.  Because it was unclear whether Ganotisi was simply speculating on the existence of this evidence, or whether he knew that such evidence existed, this Court ordered supplemental briefing requiring both parties to address the issue of whether this DNA evidence actually exists and when the parties became aware of the evidence, or whether Ganotisi was simply speculating on the existence of this evidence.  (*See Order for Supplemental Briefing*, Docket No. 14, entered Mar. 30, 2006.)  Ganotisi was also informed that he could use his supplemental brief to further address any basis for equitably tolling the statute of limitation.

On April 17, 2006, Ganotisi filed his supplemental response to the show cause order.  On May 25, 2006, Respondents submitted their supplemental response.  On June 13, 2006, Ganotisi filed a Reply to Respondents' supplemental response.

## LEGAL STANDARD

Section 2244 provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

7

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions, when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," the statute of limitation may be equitably tolled. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is unavailable in most cases but may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Id.* at 1107; *See also Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003). A petitioner has the burden of demonstrating that he

is entitled to tolling of the statute.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

## DISCUSSION

If a petitioner for habeas relief does not seek direct review from the highest state court, the petitioner's conviction becomes final when the time for seeking such review elapses, as determined by state law.  *Smith*, 297 F.3d at 812-13. Ganotisi's conviction was final on October 18, 1995, thirty days after the ICA entered notice of judgment of conviction in his case on September 18, 1995, and the time to seek discretionary review of the ICA's decision by the Hawai`i Supreme Court expired.  *See* Haw. R. App. P. 40.1(a).  Unless he is entitled to statutory or equitable tolling of the statute, Ganotisi's petition is time-barred.

I.    There is No Basis for Statuory Tolling.

The court finds that Grandinetti is not entitled to statutory tolling under § 2244(d).  First, Ganotisi did not file any petition for state post-conviction relief challenging this conviction until June 2003, almost eight years after the statute of limitation had run, and he is not entitled to tolling on that basis.  *See* 28 U.S.C. § 2244(d)(2).  Second, there was no state-created impediment to Ganotisi's filing a federal petition under 28 U.S.C. § 2244(d)(1)(B), nor does he argue that there

was.[1]  Even assuming, *arguendo*, that there was such an impediment, it is obvious
that this putative impediment was removed no later than June 23, 2003, when
Ganotisi filed his first Rule 40 post-conviction petition.  Ganotisi gives no
explanation why he was able to file two Rule 40 petitions in state court but was
unable to file a timely federal habeas corpus petition.  Third, the Amended Petition
does not raise a newly recognized constitutional right that is retroactively
applicable to cases on collateral review.  See 28 U.S.C. § 2244(d)(1)(C).

Ganotisi appears to argue, however, that his DNA claim is based on newly
discovered facts which could not have been discovered earlier.  *See* 28 U.S.C.
§ 2244(d)(1)(D).  This argument was precisely why this Court ordered
supplemental briefing: to determine when Ganotisi actually became aware of these
allegedly newly discovered facts.  Respondents have now clarified the record and
unequivocally state that there was no DNA evidence collected during Ganotisi's
criminal proceeding.  (*See* Resps.'s Supp'l. Brief at 2; Murakami Dec.; Calma
Dec.)  Deputy Public Defender John Calma, who was the Deputy Prosecuting
Attorney representing the State of Hawai`i during Ganotisi's trial, asserts under
penalty of perjury that he does "not recall any DNA testing being conducted in

---

[1] An assertion that the statute of limitation was delayed by a state-created
impediment requires a showing of a due process violation.  *Lott v. Mueller*, 304
F.3d 918, 925 (9th Cir. 2002).

[Ganotisi's] case.  Because the police investigation was conducted several weeks after the incidents occurred, and the fact that the identity of the assailant was not an issue, I would not have requested DNA testing in this case."  (Calma Dec. ¶ 3.) Deputy Prosecuting Attorney Tracy Murakami, Respondents' attorney, further states that he has personally searched the records in Ganotisi's criminal case, FC-CR-93-0011, and discovered that, although the case file has now been disposed, the microfiche file contains no reference whatsoever to DNA evidence. (Murakami Dec. ¶ 2.)

In response, Ganotisi argues that: (1) John Calma's declaration is suspect; (2) Respondents' representations are unverifiable because Respondents admit that Ganotisi's case file and the evidence from Ganotisi's trial has been destroyed; and (3) his trial attorney told him that there was DNA evidence.  Based on these arguments, Ganotisi moves for a federal investigation into the alleged destruction of his case file, including the speculative DNA evidence.

Ganotisi's arguments are unconvincing.  First, Ganotisi argues that Calma's declaration is unreliable because Ganotisi himself has "consistently admitted the State of Hawai`i hid DNA results from the defense."  (Ganotisi's June 13, 2006 Reply at 2.)  Ganotisi's own hopeful speculation, consistent argument, or admission, however, regarding the possibility of withheld DNA evidence, which

11

he did not articulate until his 2003 Rule 40 post-conviction petition, does not amount to competent evidence supporting the existence of the DNA evidence. Ganotisi provides nothing controverting Calmas's reasonable explanation of why DNA evidence was not collected during Ganotisi's criminal proceedings: because the police investigation occurred weeks after the incidents occurred, which negated the possibility of collecting viable DNA evidence, and because the identity of the assailant was not at issue.  To the contrary, Calmas's explanation makes sense and is uncontroverted by any other competent evidence in the record.

Second, Ganotisi argues that Respondents' representations about the DNA evidence are unverifiable because Respondents admit that the evidence from Ganotisi's trial has been destroyed.  This argument is circular and ultimately unavailing.  Although it is not clear when Ganotisi's case file was destroyed, it is clear that his appeal ended more than eleven years ago.  It is not unreasonable for the State to destroy physical evidence from a criminal proceeding in which the appeal concluded in 1995.  The State cannot be expected to retain case files and physical evidence in every conviction forever.  Moreover, Ganotisi's case file was preserved on microfiche, and it contains no reference to DNA testing.  If there had been DNA testing done, some evidence of that would exist in the microfiched case file.

Third, Ganotisi bases this claim on his unsupported belief that DNA evidence was collected and then destroyed, and requires Respondents to prove a negative: that DNA evidence was *not* collected and was *not* destroyed.  As discussed above, in light of the posture of Ganotisi's criminal investigation, which was not begun until weeks after the sexual assault occurred, the fact that Ganotisi's identity was not at issue because his own niece identified him as her assailant, his own attorney's failure to raise this issue at trial or after, and the fact that Ganotisi never raised this claim until 2003, and then only in a speculative fashion, this Court finds that Ganotisi's claim regarding the possibility of withheld DNA evidence is simply not credible.

Finally, Ganotisi claims that "his criminal attorney told him that he had a discussion with the prosecution about the evidence.  The attorney related that the need existed to genetically test certain introduced items of evidence to exclude [] Petitioner as a link to the evidence (and the alleged victim)."  (Pet.'s April 17, 2006 Response to Order for Supp'l Briefing at 3.)  Ganotisi then blames his attorney, alleging ineffective assistance of counsel, for failing "to follow up and conclusively secure disclosure of: items which were and were not tested, as well as the test results of those items tested." (*Id.* at 4.)

Ganotisi's argument, that "during the trial" his attorney and he discussed

13

the *need* for DNA evidence does not support a conclusion that DNA evidence was actually ever collected and tested by the State.  Nor does Ganotisi's attorney's alleged failure to have the physical evidence tested for DNA support a finding that the State did so and failed to disclose such evidence.  Moreover, Ganotisi's trial and appellate attorneys never presented this argument in any manner which also suggests that there was no DNA evidence collected.  Additionally, Ganotisi did not raise a claim of ineffective assistance of counsel until 2004, when he filed his second Rule 40 petition, and even then he based his claim on his counsel's "failure to motion court for judgement of acquittal," not on his counsel failure to determine whether DNA evidence was collected and withheld.  (Ans. Ex. F. at 4.)

Further, Ganotisi's claim that his attorney failed to discover which items were and were not tested by the prosecution, contradicts his claim that the DNA evidence is "newly discovered."  If this claim is true it indicates that Ganotisi and his attorney were aware, at least of the possibility, that DNA tests were done in 1993.  Ganotisi does not explain why, *if* he was aware of this possibility thirteen years ago, he did not raise the issue until June 2003.  Ganotisi cannot have it both ways.  If he was aware of the possibility that there was DNA evidence as early as 1993, and he failed to raise this claim, as a claim of ineffective assistance of counsel or otherwise, he is not entitled to statutory tolling based on newly

14

discovered evidence.  Conversely, if he was unaware of the existence of DNA

evidence until 2003, when he filed his first Rule 40 petition, he does not explain

why he failed to file a federal petition within a year of his first Rule 40 petition's

denial.

Ganotisi provides no basis for finding that DNA evidence was collected by

the State, which was exculpatory, and which was then withheld from his attorney.

It is clear that there is no DNA evidence and Ganotisi is, and has been since 2003,

simply speculating as to its existence.  As there are no newly discovered facts

relating to DNA or anything else, this Court finds that there is no justification for

statutory tolling on this basis.

II.    <u>Ganotisi is not Entitled to Equitable Tolling of the Statute.</u>

Although the Court notified Ganotisi twice that it was considering

dismissing his Amended Petition as time-barred, and informed him that it was his

burden to argue and prove the availability of equitable tolling, he has not done so.

He does argue, however, that his failure to exhaust any of his claims should be

excused because he was unaware of the exhaustion requirement until May 2005.

He also states that he has a "foreign-bred inability" to "comprehend the Court

requirements for the proceedings he attempted[,]" and "to recite in comprehensible

English his causes of claims[,]" and ignorance of "the existence of mandatory

15

statutory requirements before him." (Pet.'s Reply to Prelim. Ans. at 3-4.)  The

Court will liberally construe this as an argument for equitable tolling based on

Ganotisi's inability to adequately comprehend English and his ignorance of the

law.

Neither of these facts exhibit the requisite "extraordinary circumstances"

beyond Ganotisi's control which made it impossible for him to timely file a federal

petition.  *See Miles*, 187 F.2d at 1107.  First, ignorance of the law does not justify

equitable tolling.  *Raspberry v. Garcia*,  448 F.3d 1150, 1154 (9th Cir. 2006)

(holding that a *pro se* petitioner's lack of legal sophistication is not, by itself, an

extraordinary circumstance warranting equitable tolling).

Second, Ganotisi's lack of proficiency in English does not amount to

extraordinary circumstances.  *See Hughes v. Idaho State Bd. of Corrections*, 800

F.2d 905, 909 (9th Cir. 1986) (*pro se* prisoner's illiteracy and lack of knowledge

of law is unfortunate but insufficient to establish cause); *Cobas v. Burgess*, 306

F.3d 441, 444 (6th Cir. 2002) (the inability to read and speak English is not in

itself a sufficient basis for equitable  tolling); *United States v. Cordova*, 202 F.3d

283, 1999 WL 1136759 (10th Cir., Dec.13, 1999) (unpub. op.) (inability to read

and speak English language does not warrant equitable tolling); *Pham v. Garcia,*

No. 04-CV-0500 2004 WL 3263485 at *3 (S.D. Cal. Sep. 16, 2004)*; Ciria v.*

16

*Cambra*, No. C 98-1021, 1998 WL 823026 at *3 (N.D. Cal. Nov. 10, 1998) (no tolling where prison law library contained only outdated materials and petitioner only had a "limited command of the English language"); *Nguyen v. Merrau*, No. C 98- 2038, 1998 WL 556628 at * 2 (N.D. Cal. Aug. 24, 1998) (equitable tolling not justified based on "lack of fluency in the English language and [petitioner's] alleged inability to find a jailhouse lawyer").

This Court finds that Ganotisi is not entitled to equitable tolling of the statute and recommends that his Amended Petition be dismissed with prejudice as time-barred.

III.   Ganotisi's Motion for Criminal Investigation Should be Denied.

Even if this Court has the jurisdiction to commence a federal investigation concerning the destruction of Ganotisi's state criminal case file, which is unlikely, having found that DNA evidence was never collected, and thus, was not destroyed, and having found that it is reasonable for the State to have disposed of Ganotisi's file, this court FINDS AND RECOMMENDS that Ganotisi's Motion for Court Commencement of a Federal Criminal Investigation be DENIED.

## CONCLUSION

For the foregoing reasons, this Court FINDS and RECOMMENDS that Ganotisi's Amended Petition be DENIED with prejudice as time-barred.  The Court further FINDS and RECOMMENDS that Ganotisi's Motion for Court Commencement of Federal Criminal Investigation be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawai`i, June 27, 2006.



Leslie E. Kobayashi
United States Magistrate Judge

Ganotisi v. Parker, et al., Civ. No. 05-00698 DAE-LEK; FINDINGS AND RECOMMENDATION TO DISMISS PETITION; dmp\habeas 06\ Ganotisi 05-698

18