IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ROGELIO L. GANOTISI, | ) | CV. NO. 05-00698 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT PARKER, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE'S FINDINGS AND
RECOMMENDATION TO DISMISS PETITION AND DENY
MOTION FOR COMMENCEMENT OF FEDERAL INVESTIGATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Petitioner Ganotisi's objections to the magistrate's findings and recommendations, the Court AFFIRMS the Magistrate's Findings and Recommendation to Dismiss Petition and Deny Motion for Commencement of Federal Investigation.

BACKGROUND

Ganotisi was convicted on February 9, 1993, by a jury of the Circuit Court of the Fifth Circuit, State of Hawai`i.  (Resp. State of Haw.'s Ans. To Prelim. Order to Show Cause, Filed Feb. 9, 2006 ("Resp.'s Ans.") at Ex. A.) Ganotisi was sentenced on March 18, 1993.  (Id.)  Ganotisi appealed his conviction

and it was affirmed by the Intermediate Court of Appeals ("ICA") on August 31, 1995.  See State v. Ganotisi, 902 P.2d 977 (Haw. App. 1995).  On September 18, 1995, the ICA filed its Notice and Judgment on Appeal.  (Id.)  Ganotisi did not appeal the ICA's decision to the Hawai`i Supreme Court.

In June 2003, Ganotisi filed a petition pursuant to Rule 40 of the Hawaii Rules of Penal Procedure, claiming, among other arguments, that the prosecution failed to disclose evidence to the defense regarding DNA samples taken ("Rule 40 Petition").  (Resp.'s Ans. at Ex. D.)  This petition was denied on December 12, 2003, based upon Ganotisi's failure to present his arguments during sentencing or appeal.  (Id. at Ex. E.)  In addition, the court found that Ganotisi failed to show that DNA evidence was in fact withheld.  (Id.)  Ganotisi filed a second Rule 40 petition on August 10, 2004.  (Id. at Ex. F.) His second petition was likewise denied for his failure to present his claims at trial, sentencing, or appeal (Id. at Ex. G.)

On December 6, 2005, Ganotisi filed an amended petition for a writ of habeas corpus under 28 U.S. C. § 2244 ("Amended Petition").  On June 27, 2006, Magistrate Judge Kobayashi issued a findings and recommendation that pro se Petitioner Ganotisi's Amended Petition be dismissed with prejudice as time-barred and that his Motion for Court Commencement of Federal Criminal Investigation be

denied.  In his Amended Petition, Ganotisi made five arguments as to why his conviction and custody were illegal, including his argument that he believed that the State may have collected DNA samples from the alleged victim but failed to disclose such fact to the defense prior to trial.  Judge Kobayashi found that each of Petitioner's arguments were time-barred and that he was not entitled to statutory tolling under 28 U.S.C. § 2244(d) or equitable tolling of the time period to file and application for a writ of habeas corpus.

On July 17, 2006, Petitioner filed objections to the findings and recommendation.  Petitioner again argues that he believes that DNA samples were taken and that the prosecution failed to disclose this information.

## STANDARD OF REVIEW

Any party may serve and file written objections to a magistrate's proposed findings and recommendations as provided by rules of court.  28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's case dispositive order, findings, or recommendations, the district court must make a *de novo* determination.  A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).  While the district court

need not hold a *de novo* hearing, the court is obligated to arrive at its own independent conclusion about those portions of the magistrate's findings or recommendation to which objections are made. Id.

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The judge may also receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

Petitioner objects to the finding and recommendation that his habeas corpus petition is time-barred. Petitioner asserts that DNA samples were taken and that he first learned of the existence of DNA evidence in November 2005.

28 U.S.C. section 2244 sets forth the statute of limitations period for filing a habeas corpus application. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the

>   Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Petitioner Ganotisi's conviction was affirmed by the ICA on September 18, 1995, and Petitioner did not appeal to the Hawai`i Supreme Court within the time provided by the court rules. See Haw. R. App. P. 40.1(a). Thus, Petitioner's time to file an application for a writ of habeas corpus lapsed in the end of 1996. Petitioner did not file his application for a writ of habeas corpus until November 2, 2005, well beyond the 1996 deadline.

Furthermore, Petitioner has not presented any argument or facts demonstrating that he can meet any of the other provisions of the statute. Indeed, Ganotisi has not argued that there was a state-created impediment to filing a petition in federal court. In addition, Ganotisi does not raise a newly recognized constitutional right. Although unclear, it appears that Ganotisi is claiming that he meets section 2244(d)(1)(D) of the statute because he could not have discovered

the alleged existence of DNA samples any earlier than mid-November 2005 when the Circuit Court Clerk implied it existed.  (See Pet.'s Objection to Findings and Recommendation at 2-3.)  This allegation however is belied by the fact that Petitioner made his argument regarding alleged withheld DNA evidence in his Rule 40 Petition, which he filed in June 2003.  Therefore, Petitioner was clearly aware of his argument in 2003, well before he filed his federal habeas petition in November 2005.  Petitioner has alleged no reason why he could not have filed a federal petition at that time.

In any event, there is no evidence that DNA samples were ever taken in Petitioner's criminal case.  Petitioner's only "evidence" of DNA sampling is: (1) his statement that a Circuit Court clerk implied that DNA sampling existed when the clerk did not deny that it existed and allegedly stated that such evidence would be held by the prosecuting attorney's office, (2) his trial attorney mentioned that they needed to genetically test certain evidence to exclude Petitioner as a link to the evidence, and (3) his criminal case records have been destroyed.

First, neither the Circuit Court clerk's statement, nor Petitioner's attorney's statement proves that DNA sampling was taken.  Taking the Circuit Court clerk's statement to be true, it appears that the Circuit Court clerk was merely informing Petitioner where such evidence would be kept, if it in fact

6

existed.  Similarly, Petitioner's attorney's statement only shows that his attorney was considering requesting DNA testing of some evidence, not that it was in fact done.  Furthermore, the destruction of Petitioner's criminal case records does not show that DNA evidence existed since it is reasonable that records would be destroyed where the time for appeal ended eleven years ago.

Moreover, Petitioner's "evidence" is insufficient to overcome the statement  made, under penalty of perjury, by John Calma, the Deputy Prosecuting Attorney who represented the State at Ganotisi's trial, that he does not recall DNA testing being conducted since the identity of the assailant was not at issue and the investigation was conducted weeks after the incidents occurred.  (Resp.'s Supplemental Brief, filed May 25, 2006, at Calma Decl.)  Neither can Petitioner's "evidence" rebut the statement made by Deputy Prosecuting Attorney Tracy Murakami, who represented Respondents, that he searched the microfiche file of Ganotisi's criminal case records and found no reference whatsoever to DNA sampling.  (Id. at Murakami Decl.)

Accordingly, Petitioner does not meet any provisions of the statute that would allow the time for filing his habeas corpus petition to be extended for nine years, from 1996 to November 2005.  Likewise, Petitioner has not met the standard for equitable tolling of the filing period.

7

In order to equitably toll the limitations period, Petitioner "'bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408 (2005)).

> Equitable tolling is permitted only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  Equitable tolling is applied sparingly, and requires surmounting a high hurdle.  Equitable tolling will not be available in most cases.  Equitable tolling is not even a possibility until a petitioner submits proof that external forces, and not a petitioner's lack of diligence, accounted for the failure to file a timely petition.

Smith v. Ratelle, 323 F.3d 813, 820-21 (9th Cir. 2003) (citations and quotations omitted).  Ganotisi has failed to present any facts or argument that would entitle him to equitable tolling.  Ganotisi has not shown that he has been pursuing his interests diligently or that there were circumstances beyond his control that made it impossible to file a timely petition.  Indeed, as stated above, Petitioner was able to file two Rule 40 Petitions in Circuit Court in which he made his argument regarding alleged DNA sampling, yet Petitioner failed to file a federal petition at that time, or earlier, and has provided no reason why he could not have done so.

Accordingly, Ganotisi also fails to meet the standard for equitable tolling of the one-year filing period.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the Magistrate's Findings and Recommendation to Dismiss Petition and Deny Motion for Commencement of Federal Investigation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 17, 2006.

_____
David Alan Ezra
United States District Judge

Rogelio L. Ganotisi v. Robert Parker, et al., Civ. NO. 05-00698 DAE-LEK; ORDER AFFIRMING MAGISTRATE'S FINDINGS AND RECOMMENDATION TO DISMISS PETITION AND DENY MOTION FOR COMMENCEMENT OF FEDERAL INVESTIGATION